

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LEO LIONEL PAYNE,

    Plaintiff,

v.                                                  Civil Action No. **3:07CV337**

**COMMONWEALTH OF VIRGINIA**, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate, brings this 42 U.S.C. § 1983 action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

## I. PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

> This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).
> 
>     "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.
> 
>     The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007)

(*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." *Conley*, 355 U.S. at 45-46. In *Bell Atlantic Corp.*, the Supreme Court noted that the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 127 S. Ct. at 1964-65 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 1965 (citation omitted), to one that is "plausible on its face," *id.* at 1974, rather than "conceivable." *Id.* Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations and Analysis

In his amended complaint, Plaintiff names as defendants the Commonwealth of Virginia, S. Randolph Sengel, and Karin Riley. Plaintiff alleges:

> MS. KARIN RILEY, ESQ., ASSISTANT COMMONWEALTH ATTORNEY HAS KNOWLEDGE OF PRINCE WILLIAM COUNTY REPORT NUMBER FROM OFC. STEVEN ESCOBAR, ALEXANDRIA POLICE DEPT., ON 8-22-06. THE COMMONWEALTH, KNEW THE TERRITORIAL JURISDICTION IS PRINCE WILLIAM COUNTY., IN THE TRIAL COURT ON 1-22-07. (SEE ALEXANDRIA POLICE REPORT COPY) ATTACHED.
>
> THE COMMONWEALTH OF VIRGINIA, DEPRIVED PLAINTIFF LIBERTY WITHOUT DUE PROCESS OF LAW STANDARD OF FAIRNESS AND JUSTICE IN PRINCE WILLIAM COUNTY. THE COMMONWEALTH, FAILED TO GIVE PLAINTIFF SIMILAR TREATMENT UNDER THE LAW IN TERRITORIAL JURISDICTION, PRINCE WILLIAM COUNTY.

(Am. Compl. at 2.) On July 5, 2007, Plaintiff filed an amendment to his amended complaint wherein he alleges, "THE COMMONWEALTH OF VIRGINIA SHOWN DISCRIMINATION BY CONVICTION OF PLAINTIFF IN THE

CITY OF ALEXANDRIA WHERE PLAINTIFF WAS FOUND GUILTY BY ALL WHITE JURY." (July 5, 2007 Amendment.) Plaintiff demands $1,000,000 "FOR DEPRIVING PLAINTIFF LIBERTY WITHOUT DUE PROCESS" and $500,000 "FOR GROSS NEGLIGENCE AS RELIEF FROM THIS COURT., BY COMMONWEALTH OF VIRGINIA VIOLATION OF PLAINTIFF CONSTITUTION RIGHTS." (Am. Compl. at 3.)

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). The Commonwealth of Virginia is not a "person" amenable to suit under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, it is RECOMMENDED that Plaintiff's claims against that entity be DISMISSED.

Furthermore, Plaintiff's vague allegations do not satisfy his obligation under Federal Rule of Civil Procedure 8(a)(2) to give the Defendants Riley and Sengel fair notice of his claims and the facts upon which they rest. *See Bell Atl. Corp.*, 127 S. Ct. at 1974-75. Defendants and this Court are "not required to piece together causes of action from fragmentary factual recitations." *Cochran v. Morris*, 73 F.3d 1310, 1318 (4th Cir. 1996). At no point does Plaintiff coherently explain how Sengel and Riley violated his constitutional rights. To the extent that any claims could be constructed from Plaintiff's allegations, it would be that he was denied due process and equal protection in conjunction with his state conviction and sentence.[1] The basic premise behind such a claim, Plaintiff's entitlement to monetary damages stemming from improper incarceration, is legally frivolous under *Heck v. Humphrey*, 512 U.S. 477 (1994), and related cases.

In *Heck*, the Supreme Court "emphasized that civil tort actions are simply 'not appropriate vehicles for challenging the validity of outstanding criminal judgments.'" *Harvey v. Horan*, 278 F.3d 370, 374-75 (4th Cir. 2002) (*quoting Heck*, 512 U.S. at 486). The Supreme Court explained that permitting civil actions to be used "for that purpose would undercut the long-standing concern not to undermine the finality of criminal convictions through civil suits." *Harvey*, 278 F.3d at 375 (*citing Heck*, 512 U.S. at 484-86). The Supreme Court then held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

---

[1] "No State shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., Amdt. XIV § 1.

3

determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87 (internal footnote omitted). The Supreme Court then required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court extended *Heck* to bar 42 U.S.C. § 1983 actions that do not directly challenge confinement, but instead contest procedures which necessarily imply unlawful confinement. *Id.* at 646. The principle procedural defect complained of by the inmate-litigant in *Balisok* was a biased decision-maker. *Id.* at 648. The Supreme Court concluded that such a challenge necessarily implied the invalidity of the sanction imposed by that decision-maker and thus was subject to the bar announced in *Heck*. *Id.* The Supreme Court recently summarized that *Heck* and the related cases teach that:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

The first question this Court must ask is whether Plaintiff's claims necessarily imply the invalidity of his current confinement. *Heck*, 512 U.S. at 487. Plaintiff's vague complaints are not limited to the sort of pretrial constitutional violations that do not necessarily impugn his outstanding conviction and sentence.[2] *See Heck*, 512 U.S. at 487 n.7; *see e.g., Young v. Nickols*, 413 F.3d 416, 419 (4th Cir. 2005) (concluding claim of illegal extradition was not barred by *Heck*). Rather, Plaintiff demands monetary damages for due process and equal protection violations that purportedly occurred during the course of his criminal trial. Plaintiff fails to allege any injury distinct from the injury of being convicted and sentenced. *Heck*, 512 U.S. at 487 n.7. Plaintiff does not articulate, and the Court cannot conceive, how he could prevail on the broad claims of trial error and not simultaneously imply that the underlying conviction and sentence were invalid. *See Balisok*, 520 U.S. at 648; *Heck*, 512 U.S. at 479, 490 (concluding alleged due process violations were barred); *Esensoy v. McMillan*, No. 06-12580, 2007 WL 257342 at *2 (11th Cir. Jan. 31, 2007). Plaintiff's allegations that he was tried in the wrong

---

[2] For example, the Supreme Court noted that a suit for damages attributable to an unreasonable search may not *necessarily* imply that a plaintiff's conviction was unlawful because of doctrines like independent source, inevitable discovery, and harmless error. *Heck*, 512 U.S. at 487 n.7 (citing cases). The Supreme Court emphasized that "the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury . . . which, we hold today, does *not* encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)." *Id.* (internal citation omitted).

4

> jurisdiction and that the composition of the jury violated his rights under the Equal Protection Clause clearly aim to challenge the fact of his conviction and sentence. *See Ryan v. DuPage County Jury Comm'n*, 105 F.3d 329, 330-31 (7th Cir. 1996). Accordingly, to the extent that Plaintiff has pled claims that satisfy his obligation under Federal Rule of Civil Procedure 8(a), such claims necessarily imply the invalidity of his current confinement.
>
> Because success on his claims necessarily implies invalid confinement, under the second portion of the *Heck* analysis, Plaintiff must demonstrate he already has successfully contested his current conviction and sentence. *Heck*, 512 U.S. at 487. Plaintiff does not suggest that his convictions or sentence have been invalidated, so *Heck* bars his action. Accordingly, it is RECOMMENDED that Plaintiff's claims and the action be DISMISSED WITHOUT PREJUDICE.

(Dec. 12, 2007 Report and Recommendation.) The Court advised Plaintiff that he could file objections or an amended complaint within ten (10) days of the date of entry thereof. Plaintiff filed objections.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (*citing Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a *de novo* review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005), *cert. denied*, 546 U.S. 1091 (2006).

5

## III. PLAINTIFF'S OBJECTIONS

Although Plaintiff has filed objections, he has failed to specify any deficiency with the with the Magistrate Judge's analysis. Accordingly, Plaintiff's objections will be OVERRULED. The Report and Recommendation will be ACCEPTED AND ADOPTED. Plaintiff's claims and the action will be DISMISSED WITHOUT PREJUDICE. The Clerk will be DIRECTED to note the disposition of the action for purposes 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: 4-16-08
Richmond, Virginia

/s/
James R. Spencer
Chief United States District Judge

/s/

/s/

/s/

/s/

6